**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRED S. LEHMANN, | : | |
| | : | CIVIL ACTION NO. 07-5964 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**COOPER, District Judge**

The plaintiff moves, in effect, to reopen this action pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6). (See dkt. entry no. 19, Mot.)  The Court will deny the motion.

**BACKGROUND**

The plaintiff sought to recover damages in this action for personal injuries allegedly suffered when he was assaulted while incarcerated.  (See dkt. entry no. 6, 2-26-08 Op. at 1-3.)  The plaintiff was incarcerated when he brought the action in 2007, and is proceeding pro se.  (See generally dkt. entry no. 1, Compl.)  By an order entered in February 2008 ("February 2008 Order"), the Court (1) granted the plaintiff's application to proceed in forma pauperis ("IFP"), (2) dismissed certain claims, (3) permitted certain claims to proceed against some of the defendants ("Remaining Defendants"), and (4) granted the plaintiff leave to submit an amended complaint for review within

45 days.  (See dkt. entry no. 7, 2-08 Order.)  See 28 U.S.C. § 1915.  The Court also directed the United States Marshals Service ("USMS") to serve the Complaint on the Remaining Defendants, in view of the plaintiff's IFP status and incarceration.  (Id.)  All of the Remaining Defendants were apparently either employed by or connected to the New Jersey Department of Corrections ("NJDOC").  (See generally Compl.)

The plaintiff, also in February 2008, notified the Court that he was to be released from incarceration in May 2008.  (See dkt. entry no. 5, Pl. Letter received in 2-08.)

The USMS notified the Court in March 2008 that it was unable to serve the Remaining Defendants.  (See dkt. entry no. 9, Returned Summonses.)

The Court, upon receiving no indication for several months concerning the plaintiff's interest in prosecuting the action, ordered the plaintiff to show cause why the remaining claims should be dismissed for (1) failure to comply with Rule 4(m), or (2) lack of prosecution under Rule 41(b) ("September 2008 Order").  (See dkt. entry no. 10, 9-08 Order.)  The plaintiff, in October 2008, then advised the Court that he remained interested in prosecuting the action.  (See dkt. entry no. 11, Pl. Response to 9-08 Order.)

The Court, by an order entered in September 2009 ("September 2009 Order"), directed the plaintiff to resume prosecution of the

action.  (See dkt. entry no. 12, 9-09 Order.)  Furthermore, as the USMS was unable to serve the Remaining Defendants, the Court directed the plaintiff to move before the Magistrate Judge to compel the Office of the New Jersey Attorney General to either accept service for the Remaining Defendants or provide the Remaining Defendants' addresses confidentially to the Court in order for the Court to provide the information to the USMS for service.  (Id.)  The Court also warned that the Complaint would be dismissed if the plaintiff did not act accordingly by October 19, 2009.  (Id.)

The Court, upon receiving no indication from the plaintiff for several months thereafter concerning his interest in prosecuting the action once again, dismissed the remaining claims in March 2010 ("March 2010 Order").  (See dkt. entry no. 13, 3-10 Order.)  The Office of the Clerk of the Court mailed a copy of the March 2010 Order to the plaintiff at an address provided by the plaintiff; the United States Post Office returned it as undeliverable.  (See dkt. entry no. 14.)

The action thus remained dormant until September 2011, when the plaintiff moved, in effect, to reopen the action.  (See dkt. entry no. 19.)  The plaintiff presented the following relevant arguments in support of the motion:

> On 9-15-2009, Plaintiff could not act accordingly on
> his own behalf because he was incarcerated in the
> Atlantic County Justice Facility . . ..

>   Plaintiff . . . could not accordingly due to exigent circumstances of incarceration from 10-16-2009 and the Atlantic County Justice Facility has no law library access.
>
>   Plaintiff never received [the September 2009 Order] vacating [the September 2008 Order] because he was incarcerated from 10-16-2009 to present.
>
>   . . .
>
>   Plaintiff was incarcerated at Riverfront State Prison on 3-11-2008 as . . . summons returned unexecuted by [USMS] 3-11-2008.

(Dkt. entry no. 19, Pl. Br. at 2-3 (paragraph number designations deleted).)  The plaintiff also argued, with no support, that NJDOC moved the Remaining Defendants to other locations in an effort to prevent service of the Complaint.  (Dkt. entry no. 19-1, Pl. Supplemental Br. at 2-3.)

## DISCUSSION

**I.  Applicable Law**

The plaintiff filed the motion seeking relief from the March 2010 Order in September 2011, and thus the plaintiff is limited to seeking relief pursuant to subsection (6) of Rule 60(b).  Rule 60(b)(6) permits the Court to relieve the plaintiff from the March 2010 Order for "any other reason that justifies relief", Fed.R.Civ.P. 60(b)(6), as long as the plaintiff made the motion "within a reasonable time".  Fed.R.Civ.P. 60(c)(1).  The Court may grant relief pursuant to Rule 60(b)(6) only if the plaintiff demonstrates that extraordinary circumstances justifying the reopening of the action exist, and an extreme and unexpected

hardship will result absent such relief.  Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011).

Rule 60(b)(1) — which would permit the Court to grant relief for the plaintiff's mistake, inadvertence, surprise, or excusable neglect — is not available to the plaintiff at this stage.  See Fed.R.Civ.P. 60(c)(1) (stating motion under Rule 60(b)(1) must be made within one year of order at issue); Azubuko v. Bunker Hill Cmty. Coll., 442 Fed.Appx. 643, 644 (3d Cir. 2011) (stating when motion under Rule 60(b) is filed more than one year after an order of dismissal is issued, movant cannot proceed under subsection (1) due to one-year time limit set by Rule 60(c)(1)); Pabon v. Lemaster, 408 Fed.Appx. 508, 509 n.3 (3d Cir. 2010) (stating Rule 60(b)(6) applied because movant filed the motion more than one year after entry of judgment at issue).

**II.  Analysis**

The plaintiff has failed to demonstrate the existence of extraordinary circumstances meriting an award of relief under Rule 60(b)(6).  As a pro se litigant, the plaintiff had a duty to proceed with the prosecution of the action in a timely fashion.  He failed to do so.  Indeed, he failed to notify the Court of his whereabouts in order for correspondence to reach him.  See L.Civ.R. 10.1(a) (stating parties must keep court apprised of their current addresses).  Also, the plaintiff's argument that he did not receive the September 2009 Order due to a subsequent

5

incarceration in October 2009 is illogical. Furthermore, the delays herein that were caused strictly by the plaintiff's conduct — as opposed to court administrative delays — amount to almost three years of time.[1]

The plaintiff's argument concerning his inability to prosecute the action due to his incarceration is without merit. Indeed, he was able to institute the action while incarcerated. Furthermore, it was the plaintiff's duty to remain diligent by keeping in written contact with the Court during his incarceration, and by taking the steps suggested by the Court to move this litigation forward. See Watson v. Vaughn, No. 91-2661, 1993 WL 134757, at *1-2 (E.D. Pa. Apr. 29, 1993) (denying motion for Rule 60(b)(6) relief, as movant showed a lack of diligence by waiting more than one year before inquiring about the status of the case); see also Novak v. Posten Taxi, 386 Fed.Appx. 276, 277 n.1 (3d Cir. 2010) (stating that if USMS fails to serve a complaint on behalf of pro se plaintiff who has been granted IFP relief, plaintiff must take affirmative steps to ensure that service is accomplished). The plaintiff makes no allegation that he was prevented from simply corresponding with the Court.

---

[1] The plaintiff failed to contact the Court for (1) eight months between the entry of the February 2008 Order and October 2008, when he responded to the September 2008 Order, and (2) two years between the entry of the September 2009 Order and the filing of the motion in September 2011.

6

The plaintiff's incarceration also did not prevent him from bringing three subsequent actions in the United States District Court for the District of New Jersey:  <u>Lehmann v. Kintock Group</u>, No. 11-7383; <u>Lehmann v. New Jersey Department of Corrections</u>, No. 11-7605; and <u>Lehmann v. Southern State Correctional Facility</u>, No. 12-2956.  See <u>Pabon</u>, 408 Fed.Appx. at 509 (stating movant's claim that he was hampered by language difficulties did not meet the extraordinary-circumstances standard, as he was able to file seven motions in the litigation and thus showed that he was capable of filing legal documents).

The plaintiff also did not move for relief under Rule 60(b) until more than eighteen months had elapsed from when the Court entered the March 2010 Order.  In view of the ease with which the plaintiff could have informed the Court that he remained interested in prosecuting this action, that delay was not reasonable.  See <u>Moolenaar v. Gov't of V.I.</u>, 822 F.2d 1342, 1348 (3d Cir. 1987) (stating delay of almost two years was not reasonable, as "[t]he reason for the attack upon that judgment was available for attack upon the original judgment").

**III. <u>Poulis</u> Assessment Not Required**

A balancing of the factors pursuant to <u>Poulis v. State Farm Fire & Casualty Company</u>, 747 F.2d 863 (3d Cir. 1984), does not appear to be required when addressing relief under Rule 60(b)(6).  See <u>Koresko v. Bleiweis</u>, 420 Fed.Appx. 122, 123 (3d Cir. 2011)

7

(stating Poulis not relevant in appeal from denial of motion under Rule 60(b)); Choi v. Kim, 258 Fed.Appx. 413, 416 n.5 (3d Cir. 2007) (noting Poulis does not apply when addressing motion under Rule 60(b)); John v. Hogan, No. 06-2197, 2008 WL 520093, at *2 (M.D. Pa. Feb. 26, 2008) (stating Poulis does not come into play when addressing motion to reopen under Rule 60(b)). But the Court, if given the opportunity to do so, would have determined that the Poulis factors weighed against the plaintiff in view of his personal responsibility for the delays here, the prejudice to be suffered by the adversaries if this action were to be reopened at this point, the extensive history of his dilatoriness, his willful conduct, and his failure to properly respond to sanctions and suggestions other than dismissal. Poulis, 747 F.2d at 868.[2]

### CONCLUSION

The Court will deny the motion, in effect, to reopen the action pursuant to Rule 60(b)(6). The Court will issue an appropriate order.

                                           s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:  June 20, 2012

---

[2] The final factor — whether the plaintiff's claims had merit — would have been neutral.